**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| XAVIER DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:23-cv-00380-TES |
| | ) |
| PERDUE FOODS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CONSENT PROTECTIVE ORDER

Plaintiff Xavier Davis ("Plaintiff") and Defendant Perdue Foods LLC ("Defendant") (collectively, the "Parties"), agree to this Protective Order and Confidentiality Agreement ("Order") to cover confidential and proprietary documents and testimony disclosed during discovery in this matter. Based on the Parties' stipulation, as shown by the signatures of their counsel below, the Court enters the following Order:

1. "Confidential records" means any information or documents" that have been designated as "confidential." The Parties may designate the following categories of documents as "confidential":

    A. Any human resources and personnel information concerning Defendant's current or former employees, including, but not limited to: home addresses, telephone numbers, Social Security numbers, and dates of birth; health records; medical and other leave requests; wages earned and benefits received; documents labeled as proprietary or as restricted as to outside use.

    B. Business records, in any form, including but not limited to, trade secrets, contracts, net and gross revenue, profit and loss statements, earnings

       statements, accounts receivable/payable statements, and personnel policies.

    C.  Medical or personal financial records of Plaintiff and other current or former employees, including any such information which is exempt from public disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or any other state or federal law.

  2.  "Confidential records" are subject to this Protective Order and Confidentiality Agreement ("Order"). A party may designate a document as "confidential" at the time it is produced. If a party does not designate a document as a "confidential" at the time it is produced but subsequently notifies the other party that the document is "confidential," the designated document shall be subject to this Order at the time of notification. If a party designates portions of a deposition taken in this case as "confidential," then the transcript of that portion of the deposition shall be treated as a "confidential record."

  3.  A non-designating party may challenge or object to the other party's designation of documents or testimony as confidential by challenging the designation in writing within seven (7) days of receiving notice of the confidentiality designation. If the non-designating party makes a timely written challenge to the designation of documents or testimony as confidential, the designating party shall respond in writing after receipt of such challenge within seven (7) days, stating with particularity the grounds for its assertion that the information at issue is a "confidential record." If the designating party makes no timely written response to such challenge, the challenged designation will be deemed to be void (i.e., the information or document will no longer be designated as a "confidential record"). If the designating party makes a timely written response to such challenge, the Parties' attorneys shall then confer in good faith in an effort to resolve the dispute. If a dispute as to the designation still exists, the designating party shall present the issue

to the Court for resolution via teleconference or other means preferred by the Court. The designating party shall at all times have the burden of proving that the documents are entitled to be designated as "confidential records."

4. The "confidential records" may be used solely for the purpose of this litigation and for no other purpose.

5. The "confidential records" will be retained in the office of counsel except that counsel may remove the documents from the office for the time necessary for:

    A. Examination by experts or witnesses in this case who may testify about information in the confidential records; or

    B. For use at trial or deposition.

Copying of the "confidential records" will be strictly limited to copying for the above purposes.

6. The Parties shall not disclose the contents of the "confidential records" except as permitted by this Order. The Parties shall allow individuals to view the "confidential records" only to the extent necessary to pursue the claims and defenses in this matter. Such individuals are limited to the Parties' attorneys, including in-house attorneys for Defendant, members of the attorneys' firms involved in this litigation, stenographers, reporters, witnesses, experts, mediators, and Court personnel involved in this matter. However, the Parties may also designate confidential documents as "Attorneys Eyes Only." Any such documents are to be viewed only by the Parties' attorneys. All persons having access to the "confidential records" shall be advised that the "confidential records" are subject to a protective order and shall agree to be bound thereto.

7. Nothing contained in this Order shall prevent the use of the "confidential records" or any part thereof at trial, or in conjunction with a court filing or deposition with the following safeguards:

      A.    If "confidential records" are used at deposition, the deponent and the reporter will be informed of the protective order and be advised that pursuant to this protective order, he or she may not divulge any confidential information except as necessary in providing testimony or services in this litigation.

      B.    If a non-designating party uses "confidential records" in conjunction with a court filing, the non-designating party shall file the "confidential records" under provisional seal on the Court's docket with a notice of filing identifying the "confidential records" being filed under provisional seal. Within seven (7) days of the "confidential records" being filed under provisional seal on the Court's docket, the designating party may file an appropriate motion with the Court requesting that the "confidential records" be filed under seal permanently and establishing good cause for the requested sealing.

8.    Within 60 days of the final determination of this action, including all appeals, counsel for the Parties shall either destroy or return all "confidential records" produced during the course of litigation, as well as any photocopies of the "confidential records" that counsel for the Parties may have made. The 60-day period shall begin to run after the expiration of any period for appeal or further appeal.

9.    The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work-product doctrine, and no party shall be held to have waived any rights by

such inadvertent production. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

10. The terms of this Order are applicable to information produced by a non-party to this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided in this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

11. The Parties may seek a modification of this Order from the Court for good cause.

**IT IS SO ORDERED:**

This __24th__ day of April, 2024.

S/ Tilman E. Self, III

TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| */s/ Kenneth E. Barton III* | */s/ Katherine Krouse Estroff* |
| Kenneth E. Barton III | Deepa Subramanian |
| Georgia Bar No. 301171 | Georgia Bar No. 278625 |
| Angela J. Rogers | Katherine Krouse Estroff |
| Georgia Bar No. 578863 | Georgia Bar No. 514298 |
| COOPER, BARTON & COOPER, LLP | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 170 College Street | 191 Peachtree Street, N.E., Suite 4800 |
| Macon, Georgia 31201 | Atlanta, GA 30303 |
| Telephone: (478) 841-9007 | Telephone: (404) 881-1300 |
| Facsimile: (478) 841-9002 | Facsimile: (404) 870-1732 |
| keb@cooperbarton.com | deepa.subramanian@ogletreedeakins.com |
| ajr@cooperbarton.com | katie.estroff@ogletreedeakins.com |
| | |
| *Attorneys for Plaintiff Xavier Davis* | *Attorneys for Defendant Perdue Foods LLC* |